# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CV 86

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>BRENDA L. LIVESAY and RONALD LIVESAY AND BRENDA LIVESAY FAMILY TRUST, )<br><br>Defendants. ) | MEMORANDUM AND RECOMMENDATION |

This matter is before the Court on Defendants' Motion to Dismiss (# 7) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons addressed below, this Court will recommend that Defendants' Motion to Dismiss be denied.

**I.  Procedural Background**

On March 27, 2017, Plaintiff initiated this action alleging entitlement to relief on the following bases: (1) North Carolina Fraudulent Transfer Act; and (2) North Carolina Unfair and Deceptive Trade Practices Act. See Compl. (# 1). On May 9, 2017, Defendants filed the instant Motion to Dismiss (# 7). On May 18, 2017, Plaintiff filed a Memorandum in Opposition (# 8). Defendants filed a Reply (# 11) on June 5, 2017.

Plaintiff, an insurance company incorporated under the laws of New Hampshire, also has its principal place of business in New Hampshire. Compl. (# 1) ¶ 1. Plaintiff is duly registered to

transact business in North Carolina.  Id. ¶ 1.  Defendant Brenda Livesay is a resident of North Carolina and the Trustee of Defendant Ronald Livesay and Brenda Livesay Family Trust ("Defendant Livesay Family Trust").  Id. ¶ 2.  Defendant Livesay Family Trust is a trust established and administered pursuant to North Carolina law.  Id. ¶ 3.  Defendant Livesay Family Trust's trustees and beneficiaries reside in states other than New Hampshire.  Id.  The amount in controversy exceeds $75,000, exclusive of interest and costs.  Id. ¶ 4.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  Id.

Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Brenda Livesay resides in the Western District of North Carolina,[1] a substantial part of the events or omissions giving rise to the claims asserted herein took place in this District, and the property that is the subject of this action is situated in this District.  Id. ¶ 5.

## II. Factual Background[2]

On March 26, 1998, Defendant Brenda Livesay and her husband, Ronald Livesay (now deceased), created Defendant Livesay Family Trust.  Pl.'s Br. Oppos. (# 8) Ex. D.  Defendant Brenda Livesay is a settlor, beneficiary, and trustee of Defendant Livesay Family Trust.  Compl. (# 1) ¶ 12; Pl.'s Br. Oppos. (# 8) Ex. D at 1.

Plaintiff, a creditor of the Estate of Ronald Livesay ("Livesay Estate"), has a confirmed and verified claim in the principal amount of $1,821,644.97 ("First National Claim").  Compl. (# 1) ¶ 6.  On January 20, 2009, the Administrator of the Livesay Estate, formally accepted and declared the First National Claim "valid and absolute."  Id.  Again, on November 9, 2009, the Administrator declared the First National Claim "valid and confirmed."  Id.  The Administrator

---

[1] Defendant Brenda Livesay resides at 87 Dunn Creek Bend, Flat Rock, North Carolina.  Compl. (# 1) ¶ 2.
[2] When evaluating a motion to dismiss, the Court must accept the plaintiff's alleged facts as true and view them in a light most favorable to the plaintiff.  See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). In this case, the facts are derived from Plaintiff's Complaint (# 1) and matters subject to judicial notice (# 8-2 – 8-9).

2

also declared the assets of the Livesay Estate "inadequate to satisfy" the First National Claim. Id.

On August 19, 2008, the North Carolina Court of Appeals held that Plaintiff had the right to satisfy the First National Claim by reaching the assets of Defendant Livesay Family Trust, if the assets of the Livesay Estate were insufficient to satisfy the First National Claim. Id. ¶ 7 (citing Livesay v. Carolina First Bank, 665 S.E.2d 158 (N.C. App. 2008), disc. review denied, 686 S.E.2d 517 (N.C. 2009) ("Livesay I")).

On June 8, 2013, the North Carolina Court of Appeals, again, held that Plaintiff had the right to reach the assets of Defendant Livesay Family Trust in order to satisfy the First National Claim. Id. (citing Livesay v. Carolina First Bank, 2013 WL 3049113 (N.C. App. June 18, 2013) (disc. rev. denied, 748 S.E.2d 324 (N.C. 2013) ("Livesay II")).

Prior to January 4, 2017, Defendant Livesay Family Trust owned the property where Defendant Brenda Livesay resides (the "Subject Property"). Compl. (# 1) ¶ 8. On or about January 4, 2017, Defendant Livesay Family Trust transferred the Subject Property to Defendant Brenda Livesay for $0. Compl. (# 1) ¶ 9; Warranty Deed (# 1-1) Ex. A.

At all pertinent times, Defendants Brenda Livesay and Livesay Family Trust had actual knowledge of First National's Claim against Defendant Livesay Family Trust. Compl. (# 1) ¶ 12. For example, Defendants Brenda Livesay and Livesay Family Trust have been involved in litigation against Plaintiff, which is directly related to Plaintiff's claim against Defendant Livesay Family Trust. Id.; see Livesay I, Livesay II. Moreover, on February 27, 2014, Defendant Brenda Livesay, in her role as Trustee of Defendant Livesay Family Trust, filed a motion in Henderson County Superior Court, which acknowledged that Plaintiff had filed a notice of lis pendens against the Subject Property. Compl. ¶ 12.

When Defendant Livesay Family Trust transferred the Subject Property to Defendant

3

Brenda Livesay on or about January 4, 2017, Defendants Brenda Livesay and Livesay Family Trust were aware that the assets that would remain in Defendant Livesay Family Trust after the transfer would not be sufficient to satisfy First National's Claim against Defendant Livesay Family Trust. Id. ¶ 13.

The transfer of the Subject Property by Defendant Livesay Family Trust was hidden from Plaintiff. Id. ¶ 15. Plaintiff, however, became aware of the transfer on March 21, 2017, when its counsel conducted a search of the Henderson County property records. Id.

### III. Legal Standards

#### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). Where a defendant contends that a complaint fails to allege facts upon which the court can base subject matter jurisdiction, the court, like ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), assumes as true the factual allegations in the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). If, however, the defendant contends that the jurisdictional allegations contained in the complaint are false, the court may go beyond the allegations of the complaint and conduct an evidentiary hearing in order to determine if there are facts to support the court's exercise of jurisdiction over the dispute. Id. The burden of establishing subject matter jurisdiction on a motion to dismiss rests with the party asserting jurisdiction. Id.; Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

#### B. Fed. R. Civ. P. 12(b)(6)

The central issue for resolving a Federal Rule of Civil Procedure 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186,

4

189 (4th Cir. 2009). In considering a defendant's motion, the court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. Although a court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

**III.   Discussion**

### A. Plaintiff did not err in filing exhibits that are subject to judicial notice.

At the outset, Defendants argue that Plaintiff "improperly" included exhibits to its briefs and asked the Court to take notice of the exhibits. Reply (# 11) at 1. Defendants object to the documents being considered in conjunction with their motions, request that the documents be stricken from the record, and seek removal of any reference of those documents from Plaintiff's Brief in Opposition. Id. at 1-2.

Exhibits filed in connection with a motion to dismiss are not improper when the exhibits are subject to judicial notice. See Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004); Hickory Springs Mfg. Co. v. R & D Plastics of Hickory, Ltd., No. 5:14CV93-RLV, 2015 WL 4430219, at *3 (W.D.N.C. July 20, 2015); see also Geinosky v. City of Chicago, 675 F.3d 743, 745 n.1 (7th Cir. 2012); Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

In this case, a review of Plaintiff's Brief in Opposition reveals that each exhibit filed is subject to judicial notice. Consequently, Defendants' objection and request to strike Plaintiff's exhibits should be denied.

### B. This Court has subject matter jurisdiction.

Defendants initially seek dismissal under Federal Rule of Civil Procedure 12(b)(1) based on the so-called "probate exception" to federal jurisdiction, which is set forth in Marshall v. Marshall, 547 U.S. 293 (2006). Mot. Dismiss (# 7) at 7-8. Defendants suggest that U.S. District Court Judge Thornburg relied on Marshall to remand a prior lawsuit Defendant Brenda Livesay filed seeking to determine whether her deceased husband's creditors could access certain trust property. Id. at 8.

In Marshall, the Supreme Court held that

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from

6

endeavoring to dispose of property that is in the custody of the state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

547 U.S. at 311-12. The "probation exception" is limited to two types of cases: "(1) those that require the court to probate or annul a will or to administer a decedent's estate, and (2) those that require the court to dispose of property in the custody of a state probate court." Lee Graham Shopping Ctr., LLC v. Estate of Kirsch, 777 F.3d 678, 680-81 (4th Cir. 2015); Kafka v. Hess, No. JKB-16-1757, 2017 WL 2439142, at *10 (D. Md. June 6, 2017).

A review of Judge Thornburg's decision in Livesay v. Carolina First Bank, No. 1:06CV45, 2007 WL 1387992, at *3 (W.D.N.C. May 9, 2007), reveals that he noted that "the Supreme Court allows federal courts to determine mere legal matters such as the declaration of a creditor's rights in an estate." Id. Judge Thornburg held that "the 'probate exception' does not deprive this Court of jurisdiction over the present matter." Id. (emphasis added).

The instant case does not fall into one of the two types of cases covered by the "probate exception." In particular, this case does not involve a will, and it will not require this Court to administer a decedent's estate. The Livesay Estate is not a party to this action, and Plaintiff represents that the Livesay Estate was not involved in the underlying unlawful property transfer. Mem. Oppos (# 8) at 9. Moreover, this case will not require the Court to dispose of property held in the custody of a state probate court. In fact, the Subject Property has not been included in the Administrator's verified Accounts of Livesay Estate's assets filed with the probate court. See id. Ex. E. In sum, this case does not fall within the two types of cases covered by the "probate exception." Consequently, Defendants' motion to dismiss on this basis should be denied.

7

### C. The Complaint alleges an actionable UVTA claim.

The Uniform Voidable Transactions Act ("UVTA"), North Carolina General Statutes §§ 39-23.1 to 39-23.12, formerly known as the Uniform Fraudulent Transfer Act ("UFTA"), "allows a creditor to bring a civil action against a debtor for certain transfers made by the debtor."[3] Wirth v. Sunpath, LLC, 2017 WL 4126923, at *6 (N.C. Super. Ct. Sept. 14, 2017). Plaintiff has made detailed allegations in support of its UVTA claim. See Compl. (# 1) at ¶¶ 6-21. Defendants seek dismissal of Plaintiff's UVTA claim for three reasons. The Court will address each in turn.

#### 1. The Complaint sufficiently alleges that Defendant Brenda Livesay is an "insider."

Defendants argue that the Complaint does not state sufficient facts to establish that Defendant Brenda Livesay is an "insider," as that term is defined in N.C. Gen. Stat. § 39-23.1(7). Mot. Dismiss (# 7) at 2. The definition of the term "insider" in § 39-23.1(7), includes the following:

a. If the debtor is an individual:

  1. A relative of the debtor or of a general partner of the debtor;

  2. A partnership in which the debtor is a general partner;

  3. A general partner in a partnership in which the debtor is a general partner; or

  4. A corporation of which the debtor is a director, officer, or person in control.

b. If the debtor is a corporation:

  1. A director of the debtor;

  2. An officer of the debtor;

---

[3] Effective October 1, 2015, North Carolina's Uniform Fraudulent Transfer Act shall be referred to as the Uniform Voidable Transactions Act. Jongda Chem USA, LLC v. Shangyu Sunfit Chemical Co., Ltd., No. 1:12CV1146, 2016 WL 4703725, at *1 n.1 (M.D.N.C. Sept. 8, 2016). Because Plaintiff alleges that the transfer was made after October 1, 2015, the Court will refer to the current name of the Act.

8

  3. A person in control of the debtor;

  4. A partnership in which the debtor is a general partner;

  5. A general partner in a partnership in which the debtor is a general partner; or

  6. A relative of a general partner, director, officer, or person in control of the debtor.

 c. If the debtor is a partnership:

  1. A general partner in the debtor;

  2. A relative of a general partner in, a general partner of, or a person in control of the debtor;

  3. Another partnership in which the debtor is a general partner;

  4. A general partner in a partnership in which the debtor is a general partner; or

  5. A person in control of the debtor.

 d. An affiliate, or an insider of an affiliate as if the affiliate were the debtor.

 e. A managing agent of the debtor.

N.C. Gen. Stat. § 39-23.1(7).

  In this case, the Complaint, which includes the General Warranty Deed, alleges the following: Defendant Brenda Livesay was <u>both</u> Grantor, as Trustee of Defendant Livesay Family Trust, <u>and</u> Grantee in the transfer of the Subject Property on which the instant action is based. Compl. (# 1) 9, 11; Warranty Deed (# 1-1). Defendant Livesay Family Trust, Mem. Oppos. (# 8) Ex. D, reflects that Defendant Brenda Livesay is a settlor, beneficiary, and the Trustee of Defendant Livesay Family Trust. Compl. (# 1) ¶¶ 2, 10, 12. Plaintiff argues that "[n]o person on [E]arth is more of an insider." Mem. Oppos. (# 8) at 11. In light of the facts, as alleged in the Complaint and viewed in a light most favorable to Plaintiff, the Court agrees.

9

### 2. The Complaint sufficiently alleges that the transfer was improper.

Defendants next argue that the Complaint does not allege facts sufficient to establish that the alleged transfer on or about January 4, 2017, was not made in the ordinary course of business or financial affairs of Defendants, pursuant to a good faith effort to rehabilitate Defendants, or to secure present value given for the purpose of satisfying an antecedent debt as required by N.C. Gen. Stat. § 39-23.8(f)(1)-(3). Mot. Dismiss (# 7) at 2.

First and foremost, it seems blatantly implausible that the transfer of the Subject Property to an insider for $0 was done in the ordinary course of business or financial affairs, pursuant to a good faith effort to rehabilitate Defendants, or to secure present value given for the purpose of satisfying an antecedent debt. Second, because § 39-23.8(f) applies only to transactions otherwise voidable under § 39-23.5(b), it has no bearing on Plaintiff's allegations that Defendants violated §§ 39-23.4 and 39-23.5(a). Compl. (# 1) ¶ 15. Third, § 39-23.8 does not set forth pleading requirements, but rather provides affirmative defense(s). Bell v. Disner, No. 3:14CV91, 2016 WL 7007522, at *11 n.3 (W.D.N.C. Nov. 29, 2016); Estate of Hurst ex rel. Cherry v. Jones, 750 S.E.2d 14, 23-24 (N.C. App. 2013).

### 3. The Complaint sufficiently alleges the validity of Plaintiff's claim.

Defendants next challenge the sufficiency of the Complaint on the basis that it fails to include a copy of Plaintiff's Claim Against Estate and documents to establish the validity of the allegations that the Administrator of the Livesay Estate both validated and confirmed Plaintiff's claim. Mot. Dismiss (# 7) at 6-7. Defendants also assert that Plaintiff should have included a "properly obtained judgment from the State of Tennessee wherein Plaintiff's losses were alleged to have originated." Id. at 7.

Plaintiff represents to the Court that it is "happy" to provide the evidence sought by

10

Defendants, but notes that at this stage of the proceedings, a challenge to the sufficiency of the claims is not appropriate. Mem. Oppos. (# 8) at 12. Rather, Plaintiff asserts that a challenge of that sort is appropriate on summary judgment. Id. The Court agrees. See Taylor v. Onewest Bank, FSB, No. PJM 10-2247, 2011 WL 768962, at *1 (D. Md. Feb. 28, 2011) ("A motion for summary judgment under [Federal Rule of Civil Procedure] 56 challenges the factual sufficiency of the complaint.").

Defendants contend that Plaintiff has not established a "valid claim" against the Livesay Estate that would allow Plaintiff to reach the assets of Defendant Livesay Family Trust, and in particular, the Subject Property. Mot. Dismiss (# 7) at 2-5. In light of Plaintiff's allegations in the Complaint, viewed in a light most favorable to it, this argument must fail.

According to Plaintiff, on January 20, 2009, the Administrator of the Livesay Estate, formally accepted and declared the First National Claim "valid and absolute." Compl. (# 1) ¶ 6. In a Declaration dated November 9, 2009, the Administrator, once again, declared the First National Claim "valid and confirmed." Id. Defendants attempt to cast doubt on Plaintiff's allegations by criticizing Plaintiff for not attaching these documents to its Complaint. Mot. Dismiss (# 7) at 6-7. In an effort to undercut Defendants' argument, Plaintiff has filed its Claim Against Estate, the Estate Administrator's sworn Declaration that Plaintiff's Claim, which is in the principal amount of $1,861,023.42, is "absolute," "valid" and "confirmed," and the Administrator's formal acceptance of the First National Claim as a "valid and absolute claim." Mem. Oppos. (# 8) Exs. F, G, H.

At this point, it is well established that Plaintiff is entitled to reach the assets of Defendant Livesay Family Trust, in particular the Subject Property, if the assets of the Livesay Estate are inadequate to satisfy the First National Claim. See Livesay I, 665 S.E.2d at 160; Livesay II, 2013

11

WL 3049113, at *7-8. The Estate Administrator's Declaration confirmed that the assets of the Livesay Estate are "inadequate to satisfy the valid and confirmed claims against the Estate." Mem. Oppos. (# 8) Ex. G at ¶ 8; Compl. (# 1) at ¶ 6. Similarly, this Court has found that the assets of the Livesay Estate are insufficient to pay the claims of Plaintiff and other creditors. See Livesay, 2006 WL 1995572, at *3.

Finally, this Court will address Defendants' assertion that a Tennessee judgment is necessary. Mot. Dismiss (# 7) at 7. Defendants offer absolutely no reason why a Tennessee judgment would be required, and this Court is aware of no legal or factual reason.

### D. The Complaint sufficiently states a claim under the UDTPA.

The elements of a claim for a violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen Stat § 75-1, et seq. include the following: (1) an unfair or deceptive trade practice, or an unfair method of competition, (2) in or affecting commerce, (3) that proximately caused actual injury to the plaintiff or his business. Cascade Capital, LLC v. DRS Processing LLC, No. 3:17-CV-00470-RJC-DSC, 2018 WL 310134, at *4 (W.D.N.C. Jan. 5, 2018) (citing Furr v. Fonville Morisey Realty, Inc., 503 S.E.2d 401, 408 (1998)); Tobias v. Nationstar Mortgage, LLC, No. 1:17CV486, 2018 WL 264103, *4 (M.D.N.C. Jan. 2, 2018) (citing Dalton v. Camp, 548 S.E.2d 704, 711 (N.C. 2001)).

Defendants seek dismissal of Plaintiff's UDTPA claim on two bases: (1) the Complaint fails to allege Defendants were deceptive; and (2) Defendants' conduct does not affect "commerce." Mot. Dismiss (# 7) at 7. The Court will address each in turn.

#### 1. Allegations of deception are not necessary

A plaintiff alleging an UDTPA claim need not allege deceptive acts because such a claim can be based upon "unfair or deceptive acts or practices." See N.C. Gen. Stat. § 75-1.1(a)

12

(emphasis added). "[U]nfair or deceptive acts or practices" can be explained by the following:

> A party is guilty of an unfair act or practice when it engages in conduct which amounts to an inequitable assertion of its power or position. The concept of "unfairness" is broader than and includes the concept of "deception." An act or practice is deceptive if it has the capacity or tendency to deceive. The facts surrounding the particular transaction and the impact the practice has in the marketplace determined whether a particular act is unfair or deceptive. Further, in determining whether a representation is deceptive, its effect on the average consumer is considered.

Krebs v. Charlotte School of Law, LLC, No. 3:17-CV-00190-GCM, 2017 WL 3880667, at *11 (W.D.N.C. Sept. 5, 2017) (quoting Warfield v. Hicks, 370 S.E.2d 689, 693 (N.C. Ct. App. 1988) (citations omitted)).

A review of the Complaint reveals that Plaintiff made the following relevant allegations: Prior to January 4, 2017, Defendant Livesay Family Trust owned the Subject Property. Compl. (# 1) ¶ 8. Defendant Livesay Family Trust transferred the Subject Property to Defendant Brenda Livesay on or about January 4, 2017, in exchange for $0. Id. ¶ 11. At all times pertinent to this action, Defendants Brenda Livesay and Livesay Family Trust had actual knowledge of the First National Claim against Defendant Livesay Family Trust. Id. ¶ 12. Defendant Livesay Family Trust's transfer of the Subject Property to Defendant Brenda Livesay on or about January 4, 2017, was concealed from Plaintiff. Id. ¶ 15. Plaintiff had no knowledge of the transfer until March 21, 2017, when Plaintiff's counsel discovered it in the Henderson County property records. Id. Finally, Plaintiff alleges that Defendant Livesay Family Trust's transfer of the Subject Property was an unfair or deceptive act, in violation of N.C. Gen. Stat. § 75-1.1(a). Id. ¶ 24. The Court finds that these allegations are sufficient to show an "unfair or deceptive acts."

### 2. Plaintiff sufficiently alleges that Defendants' conduct affects commerce.

An element of a UDTPA claim is that it is "in or affecting commerce." N.C. Gen. Stat.

13

§ 75-1.1(a). The tem "commerce" is broadly defined as "all business activities, however denominated." N.C. Gen. Stat. § 75-1.1(b); In re Shaikh, No. 16-02765-5-JNC, 2017 WL 4838746, at *6 (Bankr. E.D.N.C. Oct. 24, 2017). North Carolina courts define the phrase "in or affecting commerce" to mean that it has an impact on the marketplace. Miller v. Ensley, 365 S.E.2d 11, 13 (N.C. Ct. App. 1998). The UDTPA is not focused on the internal conduct of individuals within a single business, but rather it applies to interactions between market participants. White v. Thompson, 691 S.E.2d 676, 680 (N.C. 2010).

The Complaint, in pertinent part, alleges that Defendant Livesay Trust's transfer of the Subject Property to Defendant Brenda Livesay on or about January 4, 2017, was a transaction in or affecting commerce in accordance with N.C. Gen Stat. §§ 75-1.1(a) and (b). Compl. (# 1) ¶ 23.

While the UDTPA may not reach a purely "private sale of a residence by an individual," Stephenson v. Warren, 525 S.E.2d 809, 812-13 (N.C. App. 2000), that is hardly the case here. Rather, Plaintiff alleges that Defendant Livesay Family Trust conveyed the Subject Property to Defendant Brenda Livesay for no consideration so as to circumvent Plaintiff, a commercial creditor with a confirmed, absolute interest in the Subject Property. Compl. (# 1) ¶¶ 6-15, 24. The Court concludes that Plaintiff's allegations are sufficient to satisfy the "commerce" element of its UDTPA claim.

### E. Plaintiff's claims are not time barred.

Finally, Defendants generally argue that Plaintiff's alleged claims are time barred. Mot. Dismiss (# 7) at 1-2. Defendants do not cite any specific statutes of limitations, which might foreclose Plaintiff's claims. Id. Rather, Defendants summarily argue that the claims are untimely in the State of Tennessee, where the claims should have been, but were not, pursued. Id.

Defendants have not cited a specific statute or case to support their cursory argument. The

Court declines to craft Defendants' argument for them. Consequently, this argument should fail.

## IV. Conclusion

In light of the foregoing, the Court RECOMMENDS that Defendants' Motion to Dismiss (# 7) be DENIED.

Signed: January 13, 2018

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).